**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SHENZHEN SHINING BRIGHT TECHNOLOGY CO., LTD,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A,"

Defendants.

**Case No.: 1:25-cv-5915**

**JURY TRIAL DEMAND**

## VERIFIED COMPLAINT

Plaintiff Shenzhen Shining Bright Technology Co., Ltd ("Plaintiff") hereby brings the present action against all Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A (collectively, "Defendants"), attached hereto.

## NATURE OF THE ACTION

1. This is an action for design patent infringement under 35 U.S.C. § 271 et seq., arising from Defendants' unauthorized manufacture, use, offering for sale, sale, and importation of products that infringe Plaintiff's U.S. Design Patent No. D971,348 S (the ''348 Patent'), which claims an original and non-functional ornamental design for a face mask. A true and correct copy of the '348 Patent is attached hereto as Exhibit A.

2. On information and belief, Defendants operate in coordination through commercial storefronts on platforms such as Amazon and Walmart, using tactics commonly associated with counterfeiting and infringement. These tactics are not speculative—they are well-documented and consistent with broader industry findings regarding the tactics used by online counterfeit networks.[1]

3. The Defendants conceal their true identities behind false names and incomplete registration data, often operating multiple stores using the same or similar branding, marketing materials, and infringing products.

4. Plaintiff brings this action to enjoin the deliberate infringement of its patented design and to recover for the resulting harm, including lost market position, consumer confusion, and irreparable injury caused by Defendants' unlawful conduct.

**JURISDICITION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this action arises under the patent laws of the United States.

6. This Court has personal jurisdiction over each Defendant pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209(a), which permits jurisdiction to the full extent allowed by the United States Constitution. The exercise of personal jurisdiction complies with the Due Process Clause of the Fourteenth Amendment, as Defendants have purposefully directed business activities toward Illinois residents by operating commercial, interactive online storefronts that offer to sell, and have sold, infringing products to consumers in this District.

[1] See John Dunham & Associates, The Counterfeit Silk Road: Impact of Counterfeit Consumer Products Smuggled into the United States, prepared for the Buy Safe America Coalition; Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157 (2020); U.S. Dept. of Homeland Security, Combating Trafficking in Counterfeit and Pirated Goods (Jan. 24, 2020).

7. Federal courts in this District have consistently held that such conduct is sufficient to establish specific jurisdiction. See *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 905 (N.D. Ill. 2015) (holding that the "operation of a commercial, interactive website accessible in Illinois and through which consumers in Illinois can purchase allegedly infringing products is sufficient to confer personal jurisdiction"). Moreover, the Seventh Circuit has found personal jurisdiction appropriate where a defendant "holds itself out as open to do business with every state" and is "ready and willing to do business with [that state's] residents." *Hemi Grp., LLC v. City of New York*, 622 F.3d 754, 757–58 (7th Cir. 2010) (emphasis added).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and/or § 1400(b) because a substantial part of the infringing acts occurred here, and Defendants have targeted Illinois consumers and transacted business in this District via online marketplaces.

9. Here, at least one infringing product was offered for purchase and shipment to an address within this District through the online storefronts operated by Defendants 1 and 3. As demonstrated in Exhibit B, the attached live checkout page confirms that those storefronts enabled a transaction targeting an Illinois consumer. A true and correct copy of the checkout page demonstrating this infringing offer for sale is attached hereto as Exhibit B.

10. On information and belief, Defendants 1 and 2 operate as a single business entity, as do Defendants 3 and 4, respectively. This concrete evidence leaves no doubt that these Defendants are not merely capable of targeting Illinois residents—they have actively done so through deliberate commercial conduct that constitutes infringement within this forum. Moreover, to the extent any Defendant is not subject to personal jurisdiction in a specific state but has directed infringing conduct toward the United States as a whole, jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2).

11. Defendants' infringing conduct arises out of the same transaction, occurrence, or series of occurrences, and common questions of law and fact exist as to all Defendants. Joinder is proper under Fed. R. Civ. P. 20(a)(2) based on overlapping product designs, sales platforms, marketing strategies, and coordinated efforts to conceal identity and evade enforcement. On information and belief, Defendants 1 and 2 operate as a single business entity, as do Defendants 3 and 4, further supporting the propriety of joinder and the inference of coordinated conduct.

## THE PARTIES

12. Plaintiff Shenzhen Shining Bright Technology Co., Ltd is a Chinese company with its principal place of business in Shenzhen, Guangdong Province. Plaintiff is the assignee and rightful owner of the '348 Patent.

13. On information and belief, each Defendant operates one or more online storefronts, identified in Schedule A, through which they advertise, offer for sale, sell, and ship infringing products into the United States, including Illinois.

14. Defendants deliberately hide their identities using incomplete or fraudulent seller information, rendering traditional enforcement channels ineffective and necessitating this action.

## THE ASSERTED PATENT

15. Plaintiff is the lawful owner of all rights in and to U.S. Patent No. D971,348 S, which claims an original, ornamental design for a mask. The '348 Patent was duly and lawfully issued on November 29, 2022, and remains valid and enforceable. Exhibit A.

16. Plaintiff provides notice of its patent rights through product listings, including patent markings, and licenses its design to authorized sellers. Defendants are not authorized by Plaintiff to use or sell products that embody the patented design.

## DEFENDANTS' UNLAWFUL CONDUCT

17. Defendants, without authorization, have imported, offered for sale, and sold products that infringe the '348 Patent. These infringing products are promoted and sold through interactive online platforms accessible within this District, targeting consumers in this jurisdiction.

18. Defendants' online storefronts display and market the accused products through listings that mirror the patented design. True and correct copies of screenshots depicting the infringing storefronts and products are attached hereto as Exhibit C.

19. Defendants employ coordinated tactics to mask their identity, avoid enforcement, and perpetuate infringement, including the use of false aliases, cloned storefronts, and offshore payment systems. These tactics are not speculative—they are well-documented and consistent with broader industry findings regarding the tactics used by online counterfeit networks.

20. Defendants' conduct is willful and undertaken with actual knowledge of Plaintiff's patent rights.

21. Defendants' infringing conduct has caused and continues to cause irreparable harm to Plaintiff in the form of lost sales, erosion of patent exclusivity, and harm to reputation

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. D971,348 S
## (35 .S.C. § 271)

22. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 20 as if fully restated herein.

23. Plaintiff avers that the Defendants have directly and/or indirectly infringed the '348 Patent by manufacturing, using, offering for sale, selling, and/or importing products that embody the patented design without Plaintiff's authorization.

24. Plaintiff avers that the accused products bear a substantial visual resemblance to the ornamental features claimed in the '348 Patent. This correlation is demonstrated through side-by-side comparisons, visual similarity to the claimed design, and the accompanying product listings set forth below:

**Claim Chart: U.S. Design Patent D'971,348 S[2] vs Infringing Products from Defendants Listed on Schedule A of the Complaint**

**U.S. Design Patent D'971,348 S**




[2]Figure 1 and Figure 6 are copied as shown in the '348 Patent; however, as noted in the '348 Patent, the broken lines show unclaimed environmental matter.

**Claimed Product**



**U.S. Design Patent D'971,348 S**



FIG. 1

**U.S. Design Patent D'971,348 S**



FIG. 6



**Claimed Product**





**U.S. Design Patent D’971,348 S**



FIG. 1

**U.S. Design Patent D’971,348 S**



FIG. 6

**Claimed Product**





**U.S. Design Patent D'971,348 S**



FIG. 1

**U.S. Design Patent D'971,348 S**



FIG. 6

**Claimed Product**



25. Plaintiff avers that Defendants' infringement has been and continues to be willful, justifying enhanced damages under 35 U.S.C. § 284 and a finding of exceptionality under § 285.

26. Plaintiff avers that it is entitled to preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. A judgment that Defendants have infringed the '348 Patent;

B. Preliminary and permanent injunctive relief enjoining Defendants from further acts of infringement;

C. An order directing online marketplaces and payment processors to freeze assets and disable storefronts linked to Defendants;

D. An award of damages adequate to compensate for the infringement, including profits under 35 U.S.C. § 289 and/or reasonable royalty under § 284;

E. A finding that the case is exceptional and an award of attorneys' fees and costs under 35 U.S.C. § 285;

F. Treble damages for willful infringement;

G. Pre-judgment and post-judgment interest; and

H. Such further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 27, 2025

Respectfully submitted,

/s/ Alexander Warden
Alexander Warden, Esq.
Atlantic Partners Law Group, LLC
2825 Third Ave.
Bronx, NY 10456
awarden@aplg.us
Counsel for Plaintiff

**VERIFICATION**

I, Guofeng Feng, hereby certify as follows:

1. I am the CEO for Shenzhen Shining Bright Technology Co., Ltd. As such, I amauthorized to make this Verification on Shenzhen Shining Bright Technology Co., Ltd's behalf.

2. I have read the foregoing Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Complaint are true.

3. I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed in Guangdong, China on May 26, 2025

Guofeng Feng
CEO